■ In the Matter of the Estate of EMMA W. DOWNING, Deceased. SAUL BALMUTH, as Trustee of a Trust Established in the Will of EMMA W. DOWNING, Deceased, Appellant. — Appeal from a decree of the Surrogate's Court of Saratoga County (Doran, S.), entered Janury 27, 1981, which settled the intermediate accounting of the trustee under decedent's will. When the matter was before us on a prior occasion, we determined that a trust beneficiary, Robert Bahr, was a patient in a public hospital within the meaning of the terms of the testamentary trust and remitted the matter for further proceedings (77 AD2d 682). Upon remittal, the Surrogate construed the provisions of the trust so as to require that payments to alternate beneficiaries, while payments to Robert Bahr were suspended during his hospitalization, should total $50 per month even though the trust *res* generated a larger income. The trustee brought this appeal averring that "there is no adverse party upon whom this appeal should be served." We disagree. Since this appeal involves the legality of accumulation of trust income beyond the $50 per month required by the alternate beneficiaries, it is clearly evident that should such accumulation be held to be invalid, the hospitalized beneficiary, if and when he is ever discharged, would be adversely affected since all income earned during his hospitalization would have been distributed. Accordingly, we believe that the guardian ad litem appointed for Robert Bahr should have been served with the notice of appeal and with all papers, briefs and records in this matter. Decision withheld, and the trustee is directed to forthwith serve a copy of the notice of appeal and the record and brief upon the guardian ad litem appointed for Robert Bahr; the guardian shall be allowed 30 days from the date of such service to file a responding brief. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.